■ In the Matter of ANNA JIRAK, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated July 14, 1983, which, after a fair hearing, affirmed a determination of the local agency denying medical assistance to the petitioner on the ground that she had transferred real property in order to qualify for assistance.

Adjudged that the determination is confirmed and the proceeding dismissed on the merits, without costs or disbursements.

In January of 1983, the petitioner was admitted to Hempstead General Hospital because of problems arising from the onset of senility, and was transferred to the Mayfair Nursing

Home on February 10, 1983. On February 16, 1983, the petitioner transferred her house, located in Patchogue, New York, to her daughter, without consideration. In light of the fact that the petitioner's medical condition had steadily deteriorated from the time of her admission to the hospital in January until the time of the transfer, we conclude that the record contains substantial evidence to support the respondents' conclusion that the Patchogue house had lost its exempt homestead status at the time of its transfer (Social Services Law § 366 [2] [a] [1]; [5]; 18 NYCRR 360.6 [b]). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.